UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. HOHMANN, BM3215,<br><br>Plaintiff,<br><br>v.<br><br>NAPA SUPERIOR COURT, et al.,<br><br>Defendant(s). | Case No. 22-cv-03738-CRB  (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a prisoner at Pleasant Valley State Prison (PVSP) in Coalinga, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that his court-appointed public defender, Molly Hendry, has not kept him apprised of the status of his appeal of his May 2020 criminal conviction from Napa County Superior Court.  He seeks an order compelling Ms. Hendry and/or the Napa County Superior Court to acknowledge his appeal and notify him of its status.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.  <u>Legal Claims</u>

Plaintiff cannot bring suit under § 1983 against his public defender or the Napa County Superior Court to compel either one to acknowledge his appeal and notify him of its status.  It is well established that a public defender does not act under color of state law, an essential element of an action under § 1983, when performing a lawyer's traditional functions, see <u>Polk County v. Dodson</u>, 454 U.S. 312, 318-19 (1981), and these functions extend to the filing of a notice of appeal and post-conviction representation, see <u>Young v. Needle</u>, No. 89-35341, 1992 WL 295234, at *1 (9th Cir. Oct. 19, 1992).  And it is also well established that the Eleventh Amendment bars suit under § 1983 against a state superior court.  See <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156,1161 (9th Cir. 2003).

The relief plaintiff seeks may be obtained by filing a petition for a writ of mandamus in state court.  The federal mandamus statute only permits this court to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  This court is without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  See <u>Demos v. U.S. District Court</u>, 925 F.2d 1160, 1161-62 (9th Cir. 1991).  But this court can report to plaintiff that an online search of his May 28, 2020 conviction and sentence from Napa County Superior Court showed that neither his conviction nor sentence was appealed to the California Court of Appeal.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

The clerk is instructed to close the file.

**IT IS SO ORDERED**.

Dated:  August 5, 2022

_____
CHARLES R. BREYER
United States District Judge